IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x   20-CV-6132
MAXIMILIANO CHECO,

                Plaintiff,                      **COMPLAINT**

        v.                             JURY TRIAL DEMANDED

DAMIAN FAMILY CARE CENTERS, INC.;
SAMARITAN DAYTOP VILLAGE, INC.;
SAMARITAN DAYTOP FOUNDATION, INC.; and
EDWIN CALDERON, PA,

                                         ECF CASE

                Defendants.
---------------------------------------------------------------x

      Plaintiff MAXIMILINAO CHECO by and through his attorneys, the Law Office of Christopher Fitzgerald and Thomas LaBarbera Counselors at Law, P.C. as and for his Complaint in this matter against Defendants DAMIAN FAMILY CARE CENTERS, INC., SAMARITAN DAYTOP VILLAGE, INC. SAMARITAN DAYTOP FOUNDATION, INC., AND EDWIN CALDERON, PA; hereby alleges as follows:

<u>PRELIMINARY STATEMENT</u>

      1.    Plaintiff brings this action pursuant to the Federal Tort Claims Act (28 USC§ 2671, et seq.) (the "FTCA") alleging personal injuries sustained as result of institutional negligence and failures, and the sexual offenses perpetrated against him while under the care of the above-named Defendants.

<u>JURISDICTION AND VENUE</u>

      2.    Plaintiff timely and fully complied with the requirements of the FTCA, including but not limited to, presenting an administrative claim in writing to the United States Department of Health and Human Services within two years after his claim accrued.

3. Pursuant to 28 USC §§ 2401 (b), Plaintiff files this lawsuit within six (6) months of the denial of his claim to The United States Department of Health and Human Services.

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1346(b).

5. Venue in the United States District Court for the Eastern District of New York is proper pursuant to 28 U.S.C. § 1402(b) as it is the judicial district in which the acts or omissions complained of occurred.

## JURY DEMAND

6. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

7. Plaintiff is a resident of the State of New Jersey and a U.S. veteran who was honorably discharged.

8. Upon information and belief, DEFENDANT's facts and background currently known to the Plaintiff are as follows:

9. DAMIAN FAMILY CARE CENTERS, INC., (hereinafter "DFCC") is a domestic not-for-profit entity with its principal place of business at 137-50 Jamaica Avenue, Jamaica, New York, 11435.

10. At all times material, DFCC is a corporation duly authorized to conduct business, and conducts business in the State of New York.

11. At all times material, SAMARITAN DAYTOP VILLAGE, INC. and SAMARITAN DAYTOP FOUNDATION, INC. (hereinafter collectively referred to as "Samaritan"), are domestic not-for-profit entities with their principal place of business at 138-02 Queens Blvd., Briarwood, New York 11435.

12. Defendants Samaritan are corporations duly authorized to conduct business, and conducts business in the State of New York.

13. Defendant Edwin Calderon, PA is an individual defendant who currently resides in New York State, County of Richmond.

14. At all times material, Defendant Calderon was and is a Physician's Assistant duly licensed to practice medicine in the State of New York where he resides.

15. At all times material, Defendant Calderon was employed by, was a qualified contractor of, had privileges at and/or otherwise an agent of Defendant DFCC and Defendant Samaritan.

16. Defendant DFCC provides health care treatment and services at various health center locations throughout the five boroughs of New York City with a focus on serving Medically Underserved Areas.

17. DFCC maintains, control, operates, and manages the Richmond Hill Health Center clinic (hereinafter "the Clinic") located at 130-20 89th Road, Richmond Hill, NY 11418.

18. At all times material, Defendant Samaritan was, and is, a domestic not-for-profit corporation that provides treatment service centers for veterans suffering from chemical dependency and post-traumatic stress disorder.

19. At all times material, Defendant Samaritan operates the Ed Thompson Veterans Center (hereinafter "Veterans Center"), a 50-bed residential facility for male veterans, located at 130-15 89th Road Richmond Hill, NY 11418.

20. At all times material, the Defendant DFCC was, and is, an "agency partner" to Defendant Samaritan, providing on-site medical treatment and healthcare services to the veteran residents and patients of the Veterans Center.

21. At all times material, the Defendant DFCC operates, owns, manages, and controls the Clinic as a co-located health center for the Veterans Center.

22. At all times material, Defendant Calderon was employed by, was a qualified contractor of, a staff member of, had privileges at and/or otherwise an agent of Defendant DFCC.

23. At all times material, Defendant Calderon was employed by, was a qualified contractor of, a staff member of, had privileges at and/or otherwise an agent of Defendant Samaritan.

24. At all times material, Defendant Calderon was working and performing services at the Richmond Hill Health Center, examining and treating residence of the Veterans Center as a physician assistant, specializing in infectious disease.

## STATEMENT OF FACTS

25. Upon information and belief, the facts and background currently known to the Plaintiff are as follows:

26. On or about April 30, 2018, Plaintiff enrolled as an inpatient at the Ed Thompson Veterans Center for substance abuse recovery services.

27. On June 12, 2018, Plaintiff was notified that he was scheduled for an appointment to see the infectious disease healthcare provider, Defendant Calderon.

28. On June 13, 2018, Plaintiff went to the DFCC Richmond Hill Health Center for his appointment with Defendant Calderon.

29. On June 13, 2018, Defendant Calderon met with Plaintiff and told Plaintiff that he needed to perform a "full STD check" and that Plaintiff only had a "partial STD test" on a prior visit. PLAINTIFF did not consent to this physical examination. Plaintiff believed he was at the appointment to receive Hepatitis C medication.

30. A reasonable person in Defendant Calderon's position would have understood that Plaintiff did not consent and that his actions expressed a lack of consent to such sexual misconduct under all circumstances.

31. Defendant Calderon began to physically touch PLAINTIFF without Plaintiff's consent under the guise of an "examination." He told PLAINTIFF to remove his pants and began to touch, molest, sexually assault, and grope PLAINTIFF without gloves. No chaperone was in the room.

32. Defendant Calderon forcibly, and without plaintiff's consent, sexually assaulted, sexually abused, and forcibly touched PLAINTIFF, including manipulating Plaintiff's genitals in a sexual manner, i.e. masturbating Plaintiff.

33. PLAINTIFF was a resident of a residential facility licensed, and/or certified by the by the New York office of alcoholism and substance abuse services and therefore PLAINTIFF was incapable of consent at the time of the sexual assault and sexual abuse.

34. As a result of the alleged causes of action, PLAINTIFF suffered, and continues to suffer serious emotional damages.

35. Upon information and belief, Plaintiff sets for the following allegations against Defendants.

**AS AND FOR THE FIRST CAUSE OF ACTION AS AGAINST DEFENDANTS DFCC AND SAMARITAN FOR NEGLIGENCE, GROSS NEGLIGENCE, RECKLESSNESS, AND FAILURE TO EXERCISE A REASONABLE STANDARD OF CARE**

36. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the proceeding and subsequent paragraphs as though fully set forth herein.

37. Prior to the sexual misconduct perpetrated against Plaintiff as described herein, Defendants DFCC and SAMARITAN, their agents and/or employees, had actual knowledge of Defendant CALDERON's propensity for the sexual misconduct perpetrated against Plaintiff.

38. At all times material, Defendants DFCC and SAMARITAN, their agents and/or employees, had a duty to Plaintiff and similarly situated persons to use the same degree of care as a reasonably prudent person would use to provide a safe and secure health care and treatment environment free from foreseeable harms.

39. At all times material, Defendants DFCC and SAMARITAN, their agents and/or employees, negligently, recklessly, and carelessly breached their duty owed to Plaintiff to provide reasonable care and ensure safe and suitable residential health care facilities, including, but is not limited to, the following:

   a. Defendants DFCC and SAMARITAN failed to institute and/or implement and execute proper policies and procedures to ensure the safety of residents under their care, custody, and control;

   b. Defendants DFCC and SAMARITAN failed to create, institute and/or follow a safety protocol and any corresponding and related rules, regulations, policies, practices, and procedures that would have discovered, prevented, and/or intervened on the misconduct that resulted in Plaintiff's injuries;

   c. Defendants DFCC and SAMARITAN failed to properly investigate reports of misconduct perpetrated by Defendant Calderon;

   d. Defendants DFCC and SAMARITAN failed to report and notify the proper authorities upon discovery and notification of the sexual misconduct perpetrated against Plaintiff.

40. Defendants DFCC and SAMARITAN had a duty and opportunity to intervene and prevent the sexual assault and sexual abuse perpetrated against Plaintiff and failed to do so.

41. Defendants DFCC and SAMARITAN, their agents and/or employees, failed to discover, intervene, and come to the aide or rescue of Plaintiff, after placing him in an inadequately supervised and unsafe health care and treatment facility, in which it was reasonably foreseeable and known that criminal sexual misconduct could, and did, occur.

42. Defendants DFCC and SAMARITAN, their agents and/or employees, were negligent by failing to provide sufficient, competent and qualified staff, nurses, supervisors, counselors, and medical personnel for the care and supervision of Plaintiff and other similarly situated residents in their care; in failing to enact, adopt and enforce policies, programs, and procedures intended to create an environment that is free from inappropriate touch, sexual misconduct, sexual assault and abuse, and molestation.

43. As a direct and proximate result of Defendants DFCC and SAMARITAN, their agents and/or employees', negligence, gross negligence, negligent supervision, and careless and reckless conduct, Plaintiff sustained in the past and will sustain in the future pain and suffering.

44. Plaintiff sustained said injuries by reason of carelessness, recklessness, breach of duties, and negligence of Defendants DFCC and SAMARITAN, their agents and/or employees, all without any negligence on the part of Plaintiff.

**AS AND FOR THE SECOND CAUSE OF ACTION AS AGAINST DEFENDANTS DFCC AND SAMARITAN FOR NEGLIGENT HIRING AND NEGLIGENT RETENTION**

45. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the proceeding and subsequent paragraphs as though fully set forth herein.

46. Defendants DFCC and SAMARITAN, owed a duty of care to Plaintiff and similarly situated residents and patients to use reasonable care in their hiring, training, supervision, and direction of the employees, contractors, and agents at their facilities.

47. Defendants DFCC and SAMARITAN, their agents and/or employees, had a duty to properly and adequately investigate Defendant Calderon's background, education, references, and training status prior to hiring him and allowing him unfettered access to isolated one-on-one interactions with residents and patients.

48. Defendants DFCC and SAMARITAN, their agents and/or employees, had a duty to use reasonable care to remove Defendant Calderon upon knowledge of Defendant Calderon's assaultive behavior.

49. At no time during the periods of time alleged did Defendants DFCC and SAMARITAN have in place a system or procedure to reasonably investigate, supervise and monitor employees, including Defendant Calderon, to prevent his perpetration of sexual misconduct, sexual abuse and sexual assault.

50. At all times material, Defendants DFCC and SAMARITAN, their agents and/or employees, knowingly, negligently, recklessly and carelessly placed Defendant Calderon in a position to cause foreseeable harm, which would not have occurred had Defendants DFCC and SAMARITAN's taken reasonable care in the decisions respecting the hiring and retention of Defendant Calderon.

51. At all relevant times, Defendants DFCC and SAMARITAN, its agents and/or employees, failed to properly investigate and take appropriate measures to evaluate and supervise Defendant Calderon.

52. Prior to hiring Defendant Calderon., Defendants DFCC and SAMARITAN, its agents and/or employees, failed to properly investigate, check reference, and take other appropriate measures to ensure that Defendant Calderon was properly qualified, licensed, and trained to work at their facilities.

53. At all times material, Defendants DFCC and SAMARITAN, its agents and/or employees, knowingly, negligently, recklessly and carelessly authorized and permitted Defendant Calderon to work as a Physician Assistant, without adequate supervision, monitoring and accountability while he met with residents and patients regarding examination and treatment for sexually transmitted diseases without a chaperone or other witness present.

54. At all times material, Defendants DFCC and SAMARITAN, its agents and/or employees, failed to properly observe, supervise, inspect and monitor the conduct, duties and tasks being carried out by its employees, independent contractors and staff where it was known and foreseeable that residents and patients could be victims of inappropriate touch, sexual misconduct, and sexual assault and abuse while seeking treatment for sexually transmitted diseases with no chaperone or other witness present in the examination room.

55. As a direct and proximate result of Defendants DFCC and SAMARITAN, its agents and/or employees' negligent hiring, negligent supervision, negligent retention, and negligent training, Plaintiff sustained in the past and will sustain in the future pain and suffering.

56. Plaintiff sustained said injuries by reason of carelessness, recklessness, breach of duties, and negligence of Defendant Sy Defendants DFCC and SAMARITAN, its and/or employees, all without any negligence on the part of Plaintiff.

## AS AND FOR THE THIRD CAUSE OF ACTION AS AGAINST DEFENDANTS DFCC AND SAMARITAN FOR NEGLIGENT SUPERVISION

57. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the proceeding and subsequent paragraphs as though fully set forth herein.

58. Plaintiff was under the direct care, custody and control of Defendants DFCC and SAMARITAN to the extent that under New York law, Plaintiff is deemed unable to consent to the sexual violence perpetrated against him by an employee and/or agent while under the care of Defendants DFCC and SAMARITAN at a residential facility licensed and/or certified by the office of alcoholism and substance abuse services.

59. Defendants DFCC and SAMARITAN, owed a special duty of care to Plaintiff and similarly situated residents and patients to reasonably ensure that they are in a safe residential and recovery environment free from foreseeable sexual misconduct perpetrated by staff, employees, agents, and other medical care providers at Defendants' facilities.

60. Defendants DFCC and SAMARITAN, owed a duty of care to Plaintiff and similarly situated residents and patients to use reasonable care to supervise, monitor, inspect, investigate and manage the treatment facilities to ensure that Plaintiff and similarly situated persons were reasonably safe from foreseeable harms of sexual misconduct perpetrated at the facilities.

61. Defendants DFCC and SAMARITAN, failed in their duty to timely and properly supervise Defendant Calderon.

62. Defendants DFCC and SAMARITAN, unreasonably ignored events preceding the sexual misconduct which indicated a risk of harm to plaintiff, triggering the need for protective action.

63. Defendants DFCC and SAMARITAN, observed or readily could have observed the sexual misconduct committed in the presence of its staff, agents, and/or employees.

64. Defendants DFCC and SAMARITAN, failed to enact and/or enforce policies concerning the presence of chaperones or other witness where it was reasonably foreseeable that the failure to have a chaperone present would lead to criminal sexual offenses.

65. As a direct and proximate result of Defendants DFCC and SAMARITAN, its agents and/or employees' negligent hiring, negligent supervision, negligent retention, and negligent training, Plaintiff sustained in the past and will sustain in the future pain and suffering.

66. Plaintiff sustained said injuries by reason of carelessness, recklessness, breach of duties, and negligence of Defendants DFCC and SAMARITAN, its and/or employees, all without any negligence on the part of Plaintiff.

## AS AND FOR THE FOURTH CAUSE OF ACTION AS AGAINST DEFENDANTS DFCC AND SAMARITAN FOR VIOLATION OF N.Y. MENTAL HYG. LAW § 32.25 AS EVIDENCE OF NEGLEGIENCE

67. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the proceeding and subsequent paragraphs as though fully set forth herein.

68. At all times material, pursuant N.Y. Mental Hyg. Law § 32.25, Defendants DFCC and SAMARITAN owed Plaintiff a duty to safely care for and supervise Plaintiff.

69. N.Y. Mental Hyg. Law § 32.25 imposes a duty on Defendants DFCC and SAMARITAN as follows:

> "**(a)** No individual who is or appears to be suffering from chemical abuse or dependence shall be detained, deprived of his or her liberty, or otherwise confined without lawful authority, or be inadequately, unskillfully, cruelly, or unsafely cared for or supervised by any person."

**70.** Plaintiff is a member of the vulnerable class of persons that N.Y. Mental Hyg. Law § 32.25 was intending to protect.

11

**71.** At all times material, Defendants CC and SAMARITAN fell below the standard of care and failed in their statutory duties owed to plaintiff to ensure that Plaintiff was being adequately and safely supervised and cared for during his treatment and care at Defendants' facilities.

**72.** At all times material, Defendants CC and SAMARITAN violated N.Y. Mental Hyg. Law § 32.25

73. As a direct and proximate result of Defendants DFCC and SAMARITAN, its agents and/or employees' negligence and violations of N.Y. Mental Hyg. Law § 32.25, Plaintiff sustained in the past and will sustain in the future pain and suffering.

74. Plaintiff sustained said injuries by reason of carelessness, recklessness, breach of duties, violations, and negligence of Defendants DFCC and SAMARITAN, its and/or employees, all without any negligence on the part of Plaintiff.

## AS AND FOR THE FIFTH CAUSE OF ACTION AS AGAINST DEFENDANT SAMARITAN FOR BREACH OF CONTRACT

75. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the proceeding and subsequent paragraphs as though fully set forth herein.

76. Defendant SAMARITAN entered into an implied and explicit contract with Plaintiff to provide a safe and accessible environment for Plaintiff and fellow veterans to safely receive treatment and services for overcoming chemical dependency.

77. Specifically, Defendant SAMARITAN expressly promised on their website and informational materials to provide treatment services to Plaintiff, a veteran, that are "grounded in principles of trauma-informed care" with a treatment philosophy that "emphasizes safety, respect, empowerment, personal integrity, and the healing power of relationships within a community of veterans in recovery."

78. Specifically, Defendant SAMARITAN expressly promised to provide PLAINTIFF and other veterans struggling with addiction, "evidence-based residential and outpatient treatment, detoxification, mental health services, and on-site medical care for men and women struggling with substance use, and guides them to the road to recovery."

79. Defendant SAMARITAN's promises imposed duties, obligations, and responsibility on Defendants and its employees and agents to provide the aforementioned protections, services, free from sexual abuse and assault.

80. Defendant SAMARITAN's promises created a contract between Plaintiff and Defendant.

81. Defendant SAMARITAN breached its promises to Plaintiff and breached its contractual duties to provide him with a safe and accessible recovery and treatment environment.

82. The nature of the contract entered between Plaintiff and Defendant SAMARITAN were such that physical and emotional injuries were foreseeable as a result of Defendant's breach of contract.

83. As a direct and proximate result of the Defendant SAMARITAN's express and implied breach of contract, Plaintiff sustained in the past and will sustain in the future pain and suffering.

**AS AND FOR THE SIXTH CAUSE OF ACTION AS AGAINST DEFENDANT DFCC FOR BREACH OF CONTRACT**

84. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the proceeding and subsequent paragraphs as though fully set forth herein.

85. Defendant DFCC entered into an implied and explicit contract with Plaintiff to provide a safe and accessible environment for Plaintiff and fellow veterans to safely receive treatment and services.

86. Defendant DFCC expressly held itself out as a health care provider to Plaintiff and other veterans, providing "safe quality primary and specialty services."

87. Defendant DFCC's promises imposed duties, obligations, and responsibility on Defendants and its employees and agents to provide the aforementioned protections, services, free from foreseeable sexual abuse and assault.

88. Defendant DFCC's promises created a contract between Plaintiff and Defendant.

89. Defendant DFCC breached its promises to Plaintiff and breached its contractual duties to provide him with a safe and suitable recovery environment.

90. The nature of the contract entered between Plaintiff and Defendant DFCC were such that physical and emotional injuries were foreseeable as a result of Defendant's breach of contract.

91. As a direct and proximate result of the Defendant DFCC's express and implied breach of contract, Plaintiff sustained in the past and will sustain in the future pain and suffering.

### AS AND FOR THE SEVENTH CAUSE OF ACTION AS AGAINST DEFENDANT EDWIN CALDERON FOR CRIMINAL SEXUAL OFFENSES, CRIMINAL SEXUAL ACTS, FORCIBLE TOUCHING AND SEXUAL ABUSE

92. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the proceeding and subsequent paragraphs as though fully set forth herein.

93. Defendant CALDERON committed sexual offenses, criminal sexual acts, forcible touching, and criminal sexual abuse against Plaintiff as defined by the New York Penal Law § 130 without Plaintiff's consent.

94. At all times material, pursuant to New York Penal Law § 130.05, Plaintiff did not consent and was incapable of consent to Defendant CALDERON's sexual misconduct because

Plaintiff was a resident of a residential facility licensed and certified by the office of alcoholism and substance abuse services.

95. As a direct and proximate result of the Defendant CALDERON perpetrating sexual offenses against Plaintiff, Plaintiff sustained in the past and will sustain in the future pain and suffering.

**AS AND FOR THE EIGHTH CAUSE OF ACTION AS AGAINST DEFENDANT EDWIN CALDERSON FOR ASSAULT AND BATTERY**

96. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the proceeding and subsequent paragraphs as though fully set forth herein.

97. Defendant CALDERON physically assaulted Plaintiff, and had the apparent ability to cause the harm which created a reasonable apprehension of bodily harm and offensive contact with Plaintiff.

98. Defendant CALDERON's misconduct was intentional wrongful, and/or offense physical contact without Plaintiff's consent.

99. Defendant CALDERON committed civil battery against Plaintiff.

100. Defendant CALDERON intentionally used force against plaintiff in a harmful and offensive manner and without the consent of Plaintiff.

101. As a direct and proximate result of the Defendant CALDERON's misconduct, Plaintiff sustained in the past and will sustain in the future pain and suffering.

**WHEREFORE**, Plaintiff demands judgment against Defendants, for general, compensatory, special and punitive damages, in a sum which exceeds the jurisdictional limits of all lower Courts which might otherwise have jurisdiction; together with the costs and disbursements of this action and for such other and further relief as this Court deems just and proper.

**Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated: December 17, 2020
New York, New York

Respectfully Submitted,

_____/s/_____
Christopher H. Fitzgerald, Esq.
cfitzgerald@chflegal.com (CF7339)
The Woolworth Building
233 Broadway, Suite 2348
New York, NY 10279
(212) 226-2275

_____/s/_____
Kathleen R. Thomas, Esq.
kat@tlcpc.law
Thomas Labarbera Counselors at Law, P.C.
11 Broadway, Suite 615
New York, NY 10004
Ph: (917) 209-6446