UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

————————————————

№ 20-CV-06132 (RER) (MMH)

————————————————

MAXIMILIAO CHECO

VERSUS

DAMIAN FAMILY CARE CENTER, INC., SAMARITAN DAYTOP VILLAGE, INC.,
SAMARITAN DAYTOP FOUNDATION, INC., AND EDWIN CALDERON

————————————————

**RULING AND ORDER ON MOTIONS IN LIMINE**

————————————————

**RAMÓN E. REYES, JR., District Judge:**

Maximiliano[1] Checo ("Plaintiff" or "Checo") brought this negligence action against defendant Damian Family Care Centers, Inc., defendants Samaritan Daytop Village, Inc. and Samaritan Daytop Foundation, Inc. (collectively, "Samaritan"), and defendant Edwin Calderon, P.A. ("Defendant" or "Calderon"). Following this Court's summary judgment decision dismissing numerous defendants and claims (ECF No. 92), the remaining causes of action are common law negligence and violation of the Gender Motivated Violence Protection Act ("GMVPA"), N.Y.C. Admin. Code § 10-1104, against Calderon only.

Jury selection is scheduled to begin on April 20, 2026. Pending before the Court are a joint pretrial order, in which both parties raise objections to witnesses and exhibits,

---

[1] The correct spelling of Plaintiff's first name is "Maximiliano," but was docketed as "Maximiliao."

and two motions *in limine*. (ECF Nos. 97 (Joint Pretrial Or.), 98 (Def.'s Mot.), 99-1 (Pl.'s Mem.)).

For the reasons set forth below, Plaintiff's motion *in limine* is **granted in part and denied in part**, and Defendant's motion *in limine* is **granted in part and denied in part**. The Court also rules on the parties' respective objections to the trial witnesses and exhibits below, but reserves decision for the final pretrial conference and trial as to some of the objections.

## **LEGAL STANDARD**

"The purpose of an *in limine* motion is to aid the trial process by enabling the court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Thompson v. Spota*, No. 14-CV-02473 (NGG) (AYS), 2022 WL 17253464, at *1 (E.D.N.Y. Nov. 28, 2022) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). "A court will exclude evidence on a motion *in limine* only if it is clearly inadmissible on all potential grounds." *Id.* (quoting *Laureano v. City of New York*, No. 17-CV-181 (LAP), 2021 WL 3272002, at *1 (S.D.N.Y. July 30, 2021)). "[C]ourts considering a motion *in limine* may reserve decision until trial, so that the motion is placed in the appropriate factual context." *Id.* (quoting *Ohio Cas. Ins. Co. v. Twin City Fire Ins. Co.*, No. 14-CV-858 (NGG) (PK), 2019 WL 1365752, at *2 (E.D.N.Y. Mar. 26, 2019)). "At trial, the court may also exercise discretion 'to alter a previous *in limine* ruling.'" *Id.* (quoting *Luce v. United States*, 469 U.S. 38, 41–42 (1984)).

**DISCUSSION**

I.      Defendant's Motion *in Limine*

Defendant moves to preclude Dr. Lynda Smith-Harris' deposition and trial testimony as to (1) Plaintiff disclosing to her that he was sexually assaulted; and (2) another patient disclosing that she was "violated" by Defendant. (Def.'s Mot. ¶¶ 2, 29–39). The motion is granted in part and denied in part. Dr. Smith-Harris' testimony will be limited to Checo's diagnosis and treatment, and any admissions about the alleged sexual assault that he personally made to Dr. Smith-Harris. Dr. Smith-Harris is precluded from testifying about her other patient because that other patient's statement to Dr. Smith-Harris is so vague that the Court cannot conclude that what happened, if anything, constitutes similar sexual abuse as to be admissible under Federal Rules of Evidence 415 and 413. Also, that patient did not name Calderon as her abuser, and it is only Dr. Smith-Harris who surmised that he was. Therefore, the Court will not permit Dr. Smith-Harris to testify on that matter. Dr. Smith-Harris' deposition transcript is precluded because, as a general matter, there will be no introduction of depositions of testifying witnesses, aside from use during cross examination.

Defendant seeks to preclude Plaintiff from offering damages evidence. (Def.'s Mot. ¶¶ 40–43). The motion is denied. Checo is permitted to introduce damages evidence pursuant to the Federal Rules of Civil Procedure and Federal Rules of Evidence. Checo is permitted to testify, and he may offer testimony from anyone to whom he confided.

II.     Plaintiff's Motion *in Limine*

Plaintiff moves to preclude inquiry into specific and irrelevant topics in connection with his history of drug use and housing issues. (Pl.'s Mem. at 7–9). Namely, Plaintiff

3

seeks to preclude Defendant from introducing evidence or cross-examining Checo "on his drug use beyond the fact that he was in the subject facilities as a result of heroin and cocaine use and that he admitted that he injected drugs using needles," "[t]he length of drug use and when he was in active drug use," "[t]hat he had black outs during using drugs," "[t]he amount of money spent and methods of procuring illegal drugs," and "[t]hat the Plaintiff has lived on-and-off in Veterans homeless shelters." (*Id.* at 7–8). The motion is granted.

III.     Joint Pretrial Order

     i.     Witnesses

Before addressing the scope of testimony for proposed witnesses, the Court will first outline several general matters regarding witness testimony in this case. Witnesses with no firsthand personal knowledge of the alleged incident generally will not be permitted to testify, including Sonia Lopez, M.D., James McPharland, Veronica Jarrett, Jack Lukich, and Kristina Maiello. Plaintiff has indicated that the following witnesses have firsthand knowledge: Jenna Pape, Jasmine Offley, Sylvina Acloque, William Checo, and Daniel Johnson; therefore, they will be permitted to testify. However, even if ultimately permitted to testify, witnesses will be limited in testifying about the same issues to which they have firsthand knowledge.

Checo, Calderon, Dr. Alan A. Pollock, M.D., and Detective Ashana Kelly may testify as proposed. (Joint Pretrial Or. at 7–9).

As described above, Dr. Smith-Harris' testimony is limited to her interactions with Checo, including her treatment of him, his diagnosis, and what he personally disclosed to

4

her, but not future damages or statements by her other patient or her conclusions drawn therefrom.

Amy Goldberg, a social worker with Veterans Affairs, Hudson County Healthcare Systems, is precluded from testifying because, as described in further detail below, Plaintiff failed to provide authorization or disclose these records.

Dr. Casey Meizinger, M.D., may testify as an expert witness, but may not testify as to damages because she did not discuss damages in her expert report. (*See* ECF No. 84-16).

ii.    Exhibits

Before addressing individual exhibits, the Court will first outline several general matters regarding the introduction of evidence in this case. First, there will be no introduction of depositions of testifying witnesses, aside from use during cross examination. If a witness is unavailable pursuant to Federal Rule of Evidence 804, their deposition testimony may be admitted if relevant. Second, the experts' reports themselves are not admissible.

Third, unless medical records are authenticated via a trial witness or have proper certification, the records are not admissible. Plaintiff seeks to introduce medical records from eighteen medical providers. (ECF Nos. 102 ("Pl.'s Opp'n") at 13). Plaintiff states that he provided HIPAA-compliant authorizations to Defendant for all eighteen providers. (*Id.*, ECF No. 102-6 ("HIPAA Forms") at 2–22). Plaintiff does not dispute that he failed to provide a HIPAA-compliant authorization to Defendant for Amy Goldberg or Veterans Affairs at Hudson Valley Healthcare systems. (Pl.'s Opp'n at 12). The only medical records that Plaintiff provides are from Damian Family Care Center and Samaritan

Village. (ECF Nos. 102-3 ("Smith-Harris Notes"), 102-4 ("Damian Records"), 102-5 ("Samaritan Records"). None of these records includes a certification. The parties should be prepared to discuss what, if any, medical records have proper certification at the April 14, 2026, final pretrial conference. Unless there are certifications complaint with Federal Rule of Evidence 902(11), or a witness at trial can authenticate the records under Federal Rule of Evidence 803(6), the medical records will not be admitted into evidence.

The following exhibits are admissible: (1) "Plaintiff's written statement of the events that occurred on June 13, 2018;" and (2) "Damian Family Care Centers, Inc.'s sexually transmitted guidelines." (Joint Pretrial Or. at 17–18).

The following exhibits are excluded: (1) New York City Police Department records regarding the investigation into alleged sexual abuse; (2) investigation reports, findings, and documents pertaining to Damian Family Care Centers' investigation into Checo's complaint regarding Calderon's treatment provided on June 13, 2018; (3) the report generated by Michael Withus (Vice President of Corporate Compliance) regarding the investigation of Checo's complaint; and (4) Withus' reports and findings regarding the investigation into Checo's complaint.

The Court needs more information to determine whether the following exhibits are admissible or should be excluded: PX-9, PX-11, PX-14, PX-15, PX-16, PX-17, and PX-18. (Joint Pretrial Or. at 14–15). The parties should be prepared to discuss these exhibits at the April 14, 2026, final pretrial conference.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's motion *in limine* is **granted in part and denied in part**, and Defendant's motion *in limine* is **granted in part and denied in part**.

SO ORDERED.


<u>/s/ Ramón E. Reyes, Jr.</u>

RAMÓN E. REYES, JR.
United States District Judge

Dated: April 8, 2026
        Brooklyn, New York